IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHIQUITA L. McKINNES, | ) | CASE NO. 2:06-CV-00550-WHA-VPM |
| | ) | |
| Plaintiff, | ) | JUDGE ALBRITTON |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON & JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING TRANSFER TO MULTI-DISTRICT PROCEEDING**

In her Brief opposing Defendants' Motion to Stay, Plaintiff relies on two arguments:  1) this Court *cannot* issue a stay of these proceedings without first deciding her remand motion; and 2) even if it could, this Court should not transfer her remand motion with the entire case to the MDL court but rather, decide that motion here – right now.  Both fail; the first is flat out wrong, and the second contradicts the public policy underlying 28 U.S.C. § 1407, and controlling precedent from this Court and other Alabama federal district courts.

**I.    NO REQUIREMENT TO FIRST RULE ON PLAINTIFF'S**

**REMAND MOTION**

Though Plaintiff argues that the Court is "required" to decide her remand motion before any other pending motion, this Court decided just the opposite in *Gould v. National Life Insurance Co.*, 990 F. Supp. 1354, 1362 (N.D. Ala. 1998) (Albritton, WH).  There, this Court determined that a federal district court is *not* required to decide a remand motion before ruling on a motion to transfer:  "[T]here is no federal law or statute, or judicial decision, that requires this

Court to decide a motion to remand before it decides a motion to transfer." *Gould v. Nat'l Life Ins. Co.*, 900 F. Supp. at 1362.[1]

Not one of the cases Plaintiff cites holds to the contrary. In fact, they are simply inapposite – the *Stern v. Mutual Life Ins. Co.*, 968 F. Supp. 637 (N.D. Ala. 1997) and *Nicholas v. The Prudential Insurance Co.*, No. 97-0204-CB-C (S.D. Ala. 1997) opinions are rulings on remand motions; because of the remand decisions, the courts conclude that there is no reason to stay proceedings. In *University of South Ala. v. American Tobacco Co.*, 168 F.3d 405, 407 (11th Cir. 1999), the Court held that the district court improvidently reached and determined a complex substantive issue of Alabama state law before resolving a challenge to subject matter jurisdiction.

In short, this Court most certainly can stay these proceedings without first ruling on Plaintiff's remand motion, as this Court and other Alabama federal district courts have expressly and repeatedly held.

---

[1] This is the majority view of the Alabama federal district courts with respect to pending motions to remand. *See, e.g., Julia Allen v. AHPC*, CV-99-S-1238-E (M.D. Ala.) (Judge Albritton transfer, with motion to remand pending); *Barbara Auten v. AHPC*, CV-99-A-1425-S (M.D. Ala.) (Judge Albritton transfer to MDL, with motion to remand pending); *Gina Bowden v. AHPC*, CV-99-8-1424-S (M.D. Ala.) (Judge Albritton transfer, with motion to remand pending); *Broaden v. AHPC*, CV-M-1436-N (M.D. Ala.) (Judge Albritton transfer, with motion to remand pending); *Adell v. AHPC*, CV-A-1437-N (M.D. Ala.) (Judge Albritton transfer, with motion to remand pending); *Farrow v. AHPC*, CV-00-1055-W (N.D. Ala.) (Judge Clemon transfer, with motion to remand pending); *Dianne Smith v. Wyeth*, CV-02-PT-1579 (N.D. Ala. 2002) (Judge Propst transfer to MDL, with motion to remand pending); *McCreless v. AHPC*, CV-03-JEO-1340-S (N.D. Ala.) (Judge Ott transfer to MDL, with motion to remand pending); *Shepard v. Wyeth*, CV-03-W-520-N (M.D. Ala.) (Judge Walker transfer, with motion to remand pending); *Chaney v. AHPC*, CV-98-D-167-M (M.D. Ala.) (Judge Dement transfer to MDL, with motion to remand pending).

## II.    THE MDL COURT SHOULD DECIDE PLAINTIFF'S REMAND
## MOTION

The MDL process was created to more efficiently use federal judicial resources and ensure more consistent results in large, complex litigation. *In re Eastern District Airlines, Inc., Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975). One of its strengths is that it provides uniform pretrial decisions as to all parties involved in similarly situated litigation. It not only serves to facilitate uniform discovery, scheduling, and dispositive motions, but **consistent jurisdictional decisions**. *See, e.g.*, *In re Ivy*, 901 F.2d 7 (2nd Cir. 1990):

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation … once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.[2]

---

[2] Where a remand motion is pending in the prospective transferor court, the following courts held that the need for a stay (and with it, deferral of the remand motion) is acute. *See Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788 at *2 (E.D. La. Feb. 24, 1995) ("Because the issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order"); *In re Consolidated Welfare Fund Litigation*, 1992 WL 212348 (S.D. N.Y. Aug. 21, 1992) (motion to remand filed in transferor court decided after MDL transfer); *In re Franklin National Bank Securities Litigation*, 393 F. Supp. 1093 (J.P.M.L. 1975) (refusing to delay transfer pending outcome of remand motion because the "transferee judge could easily resolve the remand issue"); *In re Midwest Milk Monopolization Litigation*, 386 F. Supp. 1401, 1403 (J.P.M.L. 1975) ("[a]lthough we are sensitive to the arguments advanced by the plaintiff, we believe that they should properly be addressed to the transferee judge. He is in the best position to determine whether [the plaintiff's] claims are susceptible to immediate remand … Should the transferee judge deem an immediate remand of [the plaintiff's] claims appropriate, procedures are available whereby this may be accomplished with a minimum of delay"); *In re Professional Hockey Association*, 369 F. Supp. 1117, 1118 (J.P.M.L. 1974) (ordering transfer despite pending remand motion because "the transferee judge has the power to rule on the question of remand"); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973) (rejecting plaintiffs request that remand motions be decided before MDL transfer: "[because these actions involve questions of fact identical to those raised in the actions previously transferred by the Panel, transfer is necessary in order to eliminate the possibility of duplicative discovery and

In short, "by sending the remand issue to the MDL court, plaintiffs are much more likely to be treated uniformly with other similarly situated plaintiffs. By having one judge determine all remand issues throughout the nation, all … plaintiffs are likely to avoid inconsistent results." *Fountain v. Johnson & Johnson Co.*, Case No. 01-0380-CV-W-4, Op. at 5 (W.D. Mo. June 22, 2001) (attached as Exhibit "A"). Plainly, this approach advances the congressional goals in creating the MDL process, *see* 28 U.S.C. § 1407, in that it promotes efficiency in the federal courts and uniformity of treatment on fraudulent joinder issues. *See, e.g., Benjamin v. Bayer Corp.*, No. CIV.A.02-0886 (E.D. La. 2002) (attached as Exhibit "B" ); *Mirabile v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-2223-KHV-DJW (D. Kan. 2005) (attached as Exhibit "C"); *Bd. of Trustees of the Teachers' Retirement System of the State of Illinois v. WorldCom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002) (in staying proceedings despite pending motion for remand, "[c]hanneling litigation promptly into the appropriate forum is clearly a good thing, but how it serves judicial economy more than a stay of proceedings is a mystery. Almost by definition, little or no judicial resources are expended during the pendency of a stay").

While Plaintiff cites to one MDL judge's hearing transcript (and the transcript of his successor), she offers no other support for her bare assertion that MDL courts "routinely prefer" (Opp. Br. at 3) district courts to decide remand motions before transfer. To the contrary, the J.P.M.L. assumes that transferee courts can and will decide jurisdictional motions. *See In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (the pending motion to remand can be presented to and decided by the transferee judge); *In re Air Crash Disaster*, 368 F.

---

conflicting pretrial rulings"); *In re Multidistrict Antitrust Actions Involving Antibiotic Drugs*, 299 F. Supp. 1403, 1405 & n.4 (J.P.M.L. 1969) ("[t]he fact that [an action] is in district court by removal from a state court has no bearing on a motion [for MDL treatment]").

Supp. 812, 813 (J.P.M.L. 1973) (the transferee judge "certainly has the power to determine the question of remand").

Likewise, Plaintiff offers no support for her suggestion that this Court is somehow better suited to decide her remand motion due to its familiarity with Alabama "fraudulent joinder" law. In fact, it makes no sense to suggest that the MDL court is less equipped than this Court to uniformly apply Alabama "fraudulent joinder" law, but better equipped than the individual federal district courts to apply the product liability law of the 50 states. Without question, the MDL court is a better forum to determine jurisdictional motions because a single judge is issuing those decisions – there will be no conflicting decisions within a particular state.

Of the 252 Ortho Evra cases pending nationwide, six are in Alabama. Will the six judges assigned to those cases interpret and apply Alabama fraudulent joinder law in the same manner, and consistently? That is pause for thought. If interpreted and applied by a single MDL judge, the answer to that same question is an immediate, resounding yes. That is why the MDL process was set up, and why this Court, in *Gould*, drove that point home:

> This court's decision to transfer does not affect the plaintiff's motion for remand, or the defendants' motion regarding class certification. Those motions will be transferred along with the case. Vermont's district court is capable of dealing with the legal issues surrounding those motions. Indeed, remand law is federal law, and Rule 23 is the same in Vermont as it is in Alabama. In addition, this case is filed as a nationwide class action. To the extent that state law will be relevant, the district of Vermont is as capable of determining the law of all 50 states as is this court.

*Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. at 1363.

## III.  <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court stay all proceedings pending transfer to the MDL court.

By: <u>/s/ Joseph P. H. Babington</u>
    JOSEPH P. H. BABINGTON (BABIJ7938)
    RUSSELL C. BUFFKIN (BUFFR6510)
    THOMAS RYAN LUNA (LUNAT2309)
    *Attorneys for Defendants Johnson & Johnson,*
    *Johnson & Johnson Pharmaceutical Research*
    *& Development, LLC, and Ortho-McNeil*
    *Pharmaceutical, Inc.*

<u>OF COUNSEL:</u>

**HELMSING, LEACH, HERLONG,**
**NEWMAN & ROUSE, P.C.**
Post Office  Box 2767
Mobile, AL  36652
Tel:     251.432.5521
Fax:    251.432.0633

SUSAN M. SHARKO
**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, NJ  07932
*Subject to Pro Hac Vice Admission*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date, July 24, 2006, electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MULTI-DISTRICT PROCEEDING** with the Clerk of the U. S. District Court for the Middle District of Alabama using the CM/ECF system which will send notification of such filing to the following counsel:

Jere L. Beasley
Andy D. Birchfield, Jr.
Wesley Chadwick Cook
Shane Seaborn
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL  36103-4160

Shane Seaborn
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL  36016

/s/ Joseph P. H. Babington
OF COUNSEL