IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHIQUITA L. MCKINNES,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CASE NO.: 2:06-cv-00550-WHA-VPM |
| | * |
| **JOHNSON & JOHNSON, INC., et al.** | * |
| | * |
| **Defendants.** | * |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING</u>**

Plaintiff Chiquita L. McKinnes files this response to Johnson & Johnson's Reply Brief in Support of Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. In addition to the arguments contained in this response, Plaintiff reasserts all arguments set out in the Plaintiff's Response to Defendant's Motion to Stay, as well as Plaintiff's original Motion to Remand and the Brief in Support thereof. Defendants' Motion to Stay All Proceedings Pending Transfer Decision by the MDL court is due to be **DENIED.** In further support, the Plaintiff states as follows:

1. Defendants' reply has misconstrued the Plaintiff's arguments and thereby has not established that the MDL court is in the best position to rule on the jurisdictional issue. Plaintiff's argument is simply that this court lacks the authority to rule on the motion to stay proceedings until the substantive issue of jurisdiction is decided. This court fails to have subject matter jurisdiction if it is determined that the named Defendant Sales Representatives in this case are found to be properly joined in this matter.

2.	Whether or not the Defendant Sales Representatives are properly joined is a question of fact that may, and most likely will, differ from other cases presented to the panel. Therefore, a uniform decision by the MDL court on this issue without individual analysis of the specific state law issues surrounding the actual involvement of the Sales Representatives in this particular instance is prejudicial to Plaintiff.

Plaintiff, therefore, respectfully urges this Court to enter an Order denying Johnson & Johnson's Motion to Stay All Proceedings.

## ARGUMENT

### A. Whether this Court has authority to rule on the Defendants' Motion to Stay Depends on whether or not subject matter jurisdiction is present.

This court's ability to rule on the Defendant's Motion to Stay is directly tied to the Plaintiff's basis for the Motion for Remand. "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *University of South Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir.1986)). Thus, one of the first things a court must determine is whether or not it has subject matter jurisdiction over the matter. *Id.* at 410. Here, this court only has subject matter jurisdiction over Ms. McKinnes' case if it is determined that Defendant Sales Representatives Brad Morrow and Jamie Forbes are improperly joined. Plaintiff has argued from the inception of her case that diversity of citizenship is lacking because the Defendant Sales Representatives are properly joined under Alabama law. This is the basis of the argument in Plaintiff's Motion to Remand. If it is found that the Defendant

2

Sales Representatives are properly joined, then any decision by this court, including a decision on Defendant's Motion to Stay, "unconstitutionally invades the powers reserved to the states to determine controversies in their own courts", *see Victory Carriers,* 404 U.S. 202, 212 (quoting *Healy v. Ratta,* 292 U.S. 263, 270 (1934)), as well as "offends fundamental principles of separation of powers," *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998).

Thus, the substantive issue of fraudulent joinder under Alabama law, which is present in Plaintiff's Motion to Remand, directly influences whether or not this court has the jurisdictional power to render a decision on Defendants' Motion to Stay. See *Stern v. Mutual Life Ins. Co.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction *ab initio*, it is without jurisdiction to enter such a stay. It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action."). *See also United States v. Hays*, 515 U.S. 737-742-744, 155 S.Ct. 2431, 2435 (1995) ("The court has an independent obligation to examine the petition for removal to determine if federal jurisdiction exists over the case."). Consequently, Plaintiff argues that this court does not have that authority until a decision is reached on the remand motion.

Defendants' Reply Brief cites *Gould v. National Life Insurance Co.,* 990 F. Supp. 1354, 1362 (M.D. Ala. 1998) to support the proposition that a federal district court is not required to decide a remand motion before ruling on a motion to transfer. However, the Defendants' failed to mention in their brief that *Gould* distinguishes itself from situations where subject matter jurisdiction has not been determined. The Plaintiffs in *Gould* pointed to *National Union Fire Ins. Co. v. Liberty Mut. Ins.,* 878 F.Supp. 199

3

(M.D.Ala.1995), a Middle District case where the court chose to remand the case before hearing a motion to transfer because the judge found that it could not hear other motions- namely a motion to dismiss or stay, or in the alternative transfer because the court "must possess jurisdiction before it may rule on Defendant's requested motions," I*d.* at 203. The court in *Gould* acknowledged that subject matter jurisdiction in this case, unlike in *National Union Fire*, was not at issue:

> "There is no question that this action could have been brought in the District of Vermont. Plaintiff has not contested this, and, indeed could not, given that Vermont is the home location for National Life. Therefore, the court may move beyond this threshold question of whether the action *could* be transferred to Vermont, and decide whether the action *should* be transferred to Vermont."

*Gould v. National Life Ins. Co*. 990 F.Supp. at 1358. The court in *Gould* also distinguished itself from *National Union Fire v. Liberty Mut. Ins.* because the court in the latter case was not only presented with a motion to transfer, but also a motion on the merits. *Gould,* 990 F. Supp. at 1362.

Here, there is a question of fact as to whether or not the joinder of the Defendant Sales Representatives destroys diversity jurisdiction such that this court has subject matter jurisdiction over Ms. McKinnes' case. Furthermore, this court is presented with a motion on the merits because "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for a ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)". *Crowe v.* Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). Therefore, the Defendants' argument that this court can stay these proceedings without first establishing its authority over this matter through the motion to remand is incorrect.

4

> **B. The presence of fraudulent joinder depends on the facts of each individual case, and this Court is best suited to evaluate those facts under Alabama law.**

The United States District Court for the Southern District of Alabama recently denied a Defendant's Motion to Stay, despite Defendant's arguments that granting a stay of proceedings without deciding the motion to remand promotes judicial economy and inconsistent rulings. See *Debra Betts v. Eli Lilly & Co.*, 2006 WL 1523060 (S.D. Ala. June 5, 2006). The court in *Betts* followed the *Meyers* standard, which is the premier standard for gauging motions to defer ruling on a pending motion to remand:

> "'[a] court should first give preliminary scrutiny to the merits of the motion to remand' and . . ., 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.'"

*Moton v. Bayer Corp.*, 2005 WL 1653731 at 2 (S.D. Ala. 2005) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)); *See, e.g. Rutherford v. Merck & Co.,* 428 F.Supp.2d 842 (S.D. Ill. 2006); *Edsall v. Merck & Co.,* 2005 WL 1867730 (N.D. Cal. 2005); *Nekritz v. Canary Capital Partners, LLC*, 2004 WL 1462035 (D.N.J. 2004). The court also points out that this rule is preferred over the "reflexive rule" that a case be automatically deferred to an MDL court when it is determined that similar issues may arise in other transferred cases. Most persuasive, however, is the court's acknowledgment that "fraudulent joinder issues are particularly poor candidates for reflexive deferral . . . whether a resident defendant is fraudulently joined depends on the plaintiff's ability to establish a cause of action under state law." *Debra Betts v. Eli Lilly & Co.*, 2006 WL 1523060 (S.D. Ala. June 5, 2006). Moreover, in a letter routinely issued to transferor courts by the MDL, the MDL court instructs the district court of their options, which are to rule on the motion to remand (assuming that there is subject matter jurisdiction to do

5

so), or to wait until the MDL panel decides the transfer issue. However, the MDL court states that the latter option should only be used if the motion raises questions likely to arise in other actions that would be best decided uniformly by the panel. See *Betts, supra* (S.D. Ala. 2006).

A uniform decision by the MDL infringes upon Ms. McKinnes' rights to present the facts of her case that would be satisfactory under Alabama law. Thus, the Defendants' argument that the MDL is more efficient because it provides a uniform and consistent decision also ignore the strong possibility that the individual facts specific to the state law issues of each case are not uniform in nature. The Defendants in their reply brief again relied on *Gould* stating that in that case, "the district of Vermont was just as capable of determining the law of all 50 states as is this court," (quoting *Gould*, 990 F. Supp at 1363); however, Defendants once again failed to distinguish the fact that in *Gould,* the district of Vermont already had subject matter jurisdiction over the case, that the case was a class-action suit that had cases pending in that forum that included the same plaintiffs, and that the forum was already entertaining the exact same facts as those at issue. *See Gould,* 990 F. Supp. at 1358. Here, Ms. McKinnes has instituted an individual cause of action, not a class action suit, and the facts surrounding the specific involvement of Defendant Sales Representatives Forbes and Morrow are not likely the same as those currently before the MDL.

Thus, a uniform decision by the MDL on whether or not there was fraudulent joinder under Alabama law in this particular case potentially creates unfair and prejudicial results. Despite the Defendants' contentions, a plaintiff is not "similarly situated" just because she joins sales representatives as individual defendants to her

6

claim. It is the facts surrounding the specific involvement of those defendants that make a plaintiff similarly situated, and those facts should not be jointly determined by the JPML.

## CONCLUSION

Since there is no subject matter jurisdiction in this case, there is no reason for this Court to postpone its decision on the jurisdictional issue while awaiting a decision of the Judicial Panel on Multidistrict Litigation. For the Plaintiff's sake and for the sake of judicial economy and efficiency, Plaintiff respectfully requests this Court to exercise its discretion and resolve the jurisdictional issue in favor of Plaintiff.

Respectfully submitted this 27th day of July, 2006.

    /s/ WESLEY CHADWICK COOK
**JERE L. BEASLEY**
**ANDY D. BIRCHFIELD, JR.**
**W. CHADWICK COOK**
**Attorneys for the Plaintiff**

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,**
 **PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document will be sent electronically via the Court's Pacer/ECF system to the following counsel of record:

Joseph P. H. Babington
Russell Buffkin
Thomas Ryan Luna
Helmsing, Leach, Herlong, Newman & Rouse, P.C.
Post Office Box 2767
Mobile, Alabama 36652
(Attorneys for Johnson & Johnson Pharmaceutical Research and Development, LLC, Ortho-McNeil Pharmaceutical, Inc., Johnson & Johnson, Inc., Brad Morrow and Jamie Forbes)

Susan M. Sharko
Drinker, Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932
(Attorneys for Johnson & Johnson Pharmaceutical Research and Development, LLC, Ortho-McNeil Pharmaceutical, Inc., Johnson & Johnson, Inc., Brad Morrow and Jamie Forbes)

    /s/ WESLEY CHADWICK COOK
    **OF COUNSEL**